UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PHILLIP OWENS,

                              Plaintiff,    21-CV-6445 (FPG)(MWP)

      v.

COUNTY OF MONROE,

                              Defendants.

**Defendant's Memorandum in Response to Plaintiff's Motion to Unseal Eight (8) Files.**

                              **John P. Bringewatt, Monroe County Attorney**
                              Adam M. Clark, Deputy County Attorney
                              307 County Office Building, 39 W. Main Street
                              Rochester, New York 14614
                              585.753.1374
                              adamclark@monroecounty.gov

## TABLE OF CONTENTS

TABLE OF CASES .................................................................................................. iii

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT

1.      Plaintiff's motion should not be heard because Plaintiff did
not show a sincere attempt to resolve the dispute regarding
unsealing of the records sought. ............................................................... 1

2.      Plaintiff's motion should be denied because unsealing the
files in question would violate the statutory privacy rights
of individuals not involved in this litigation, and Plaintiff
has not shown sufficient cause to do so. .................................................. 2

3.      Plaintiff's motion should be denied because Plaintiff has
not sufficiently shown that the files in question will contain
information relevant to his claims. ........................................................... 3

4.      Plaintiff's motion should be denied because Plaintiff has
not diligently pursued discovery of more relevant and/or more
reasonably accessible information. ........................................................... 6

5.      Plaintiff's motion should be denied because he has not shown
any effort to contact any of the individuals that these files are
sealed and/or confidential in favor of. ...................................................... 8

CONCLUSION ......................................................................................... 9

# TABLE OF CASES

*Boyd v City of Buffalo*, 22-CV-519 (LJV) (JJM) .............................................. 4, 5, 8, 9, 10

*Brady v. Maryland*, 373 U.S. 83 (1963) ...................................................................... 5, 6, 9

*Capellan v. City of New York*, 2021 WL 12147772 (E.D.N.Y. 2021) .............................. 4

*City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S. Ct. 1197 (1989) ............................ 8

*D.S. v. City of Peekskill*, 2014 WL 774671 (S.D.N.Y. 2014) ........................................... 9

*Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211 (1979) ............... 3 fn. 1

*Howard v. City of Rochester*, No. 23-CV-6561-FPG-MJP,
2024 WL 4884216 (W.D.N.Y. Nov. 25, 2024) ................................................................. 2

*King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1988) ............................................................. 2

*Lehman v. Kornblau*, 206 F.R.D. 345 (E.D.N.Y. 2001) ........................................... 3 fn. 1

*Miller v. County. of Monroe*, No. 23-CV-06649-FPG,
2024 WL 2804435 (W.D.N.Y. May 31, 2024) .................................................................. 6

*Miller v. State of New York*, Claim No. 135854 (N.Y. Ct. Cl. 2024) ................................ 6

*Owens v. County. Of Monroe*, No. 21-CV-6445-FPG,
2021 WL 6113950 (W.D.N.Y. 2021) ........................................................................... 6 – 7

*People v. Fields*, Indictment No. 2009-0864 (Feb. 17, 2010) .......................................... 5

*People v. Fisher*, 18 N.Y.3d 964 (2012) .................................................................... 5 fn. 2

*People v. Flowers*, 151 A.D.3d 1843 (4th Dept. 2017) ............................................ 5 fn. 2

*People v. Gayden*, 111 A.D.3d 1388 (4th Dept. 2013) ..................................................... 7

*People v. Gibson*, 134 A.D.3d 1512 (4th Dept. 2015) ............................................... 5 fn. 2

*People v. Jones*, 134 A.D.3d 1588 (4th Dept. 2015) ................................................ 5 fn. 2

*People v. Miller*, 191 A.D.3d 111 (4th Dep't 2020) ......................................................... 6

*People v. Patterson*, 78 N.Y.2d 711 (1991) ..................................................................... 2

*People v. Presha*, 83 A.D.3d 1406 (4th Dept. 2011) ................................................ 5 fn. 2

*People v. Santiago*, 101 A.D.3d 1715 (4th Dept. 2012) ....................................... 5 fn. 2, 7

*People v. Valentin*, 1 A.D.3d 982 (4th Dept. 2003) ......................................... 5 fn. 2, 9, 10

*Pembaur v. Cincinnati,* 475 U.S. 469 (1986) ....................................................................... 8

*Ruther v. Boyle,* 879 F.Supp. 247 (E.D.N.Y.1995) ..................................................... 3 fn. 1

*Scott v. Graham*, 2016 WL 6804999 (S.D.N.Y. 2016) ......................................................... 2

*Skibo v. City of New York*, 109 F.R.D. 58 (E.D.N.Y. 1985) ............................................... 2

*Treadwell v. County of Putnam*, No. 14-cv-10137,
2016 WL 1268279 (S.D.N.Y. Mar. 30, 2016) ................................................................... 7

*United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ............................................ 4

*United States v. Gerena*, 869 F.2d 82 (2d Cir. 1989) ......................................................... 4

*Vann v. City of Rochester*, 2019 WL 2646616 (W.D.N.Y. 2019) ...................................... 6

**Statutes and Rules**

Local Rule of Civil Procedure 7(d)(3) ................................................................................. 1

New York Civil Rights Law § 50-b ......................................................................... 1, 2, 3, 4

New York Criminal Procedure Law § 160.50 ............................................................. 1, 2, 7

N.Y. C.P.L. § 190.25 ................................................................................................. 3 fn. 1

Defendant County of Monroe submits this memorandum in response to and opposition to Plaintiff's motion to unseal eight (8) files which are sealed pursuant to New York Criminal Procedure Law § 160.50 and/or confidential pursuant to New York Civil Rights Law § 50-b.

**Argument:**

1. **Plaintiff's motion should not be heard because Plaintiff did not show a sincere attempt to resolve the dispute regarding unsealing of the records sought.**

Plaintiff's motion to unseal files should not be heard under the Local Rules of Civil Procedure because Plaintiff has not submitted an affidavit showing a sincere attempt to resolve this discovery dispute:

> (3) Discovery Motion. No motion for discovery and/or production of documents under Fed. R. Civ. P. 37 shall be heard unless accompanied by an affidavit showing that sincere attempts to resolve the discovery dispute have been made. Such affidavit shall detail the times and places of the parties' meetings or discussions concerning the discovery dispute and the names of all parties participating therein, and all related correspondence must be attached.

Local Rule 7(d)(3). Although Judge Payson instructed the parties to submit a motion briefing schedule rather than holding a conference, this does not excuse Plaintiff from following the requirements of the Local Rules. In fact, Plaintiff cannot show a sincere attempt to resolve this dispute before bringing this motion, because as shown in this response and as Defendant's Attorneys have repeatedly told Plaintiff's Attorney, the information sought involves the rights of parties not involved in this litigation, involves information that is not relevant to Plaintiff's claims, and Plaintiff's Attorneys have not yet completed discovery regarding other more relevant and/or more easily available information.

1

## 2. Plaintiff's motion should be denied because unsealing the files in question would violate the statutory privacy rights of individuals not involved in this litigation, and Plaintiff has not shown sufficient cause to do so.

Plaintiff's request for unsealing of 8 case files should be denied because it would violate the statutory rights of the sex crime victims and/or former defendants involved in the case files requested to be unsealed by Plaintiff. Although there is not a constitutional right to privacy created by CPL § 160.50 or Civil Rights Law § 50-b, there are still important statutory individual privacy rights. *See People v. Patterson*, 78 N.Y.2d 711, 715 (1991); *Scott v. Graham*, 2016 WL 6804999, at *1 (S.D.N.Y. 2016) (collecting cases showing redaction and/or sealing of records in *habeas* petitions dealing with sex crime victims in the *habeas* petitioners' own cases). CPL § 160.50 and Civil Rights Law § 50-b protect important privacy interests, and "a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988). *See also, e.g.*, *Skibo v. City of New York*, 109 F.R.D. 58, 61 (E.D.N.Y. 1985).

Unlike most of the cases cited by Plaintiff, where a former defendant seeks information about their own case, here Plaintiff is seeking to unseal files completely unrelated to his own case. "The primary purpose of the sealing of records pursuant to [Section] 160.50 is to ensure confidentiality and to protect the individual from the potential public stigma associated with a criminal prosecution." *Howard v. City of Rochester*, No. 23-CV-6561-FPG-MJP, 2024 WL 4884216, at *8 (W.D.N.Y. Nov. 25, 2024) (Pedersen, M.J.) (collecting cases). For CPL § 160.50

That benefit flows to the former defendant, not to a plaintiff who has no connection to the former defendant's case. *Id.* at *2. [1]

New York Civil Rights Law § 50-b keeps the identification of sex crime victims confidential:

> 1. The identity of any victim of a sex offense, as defined in article one hundred thirty or section 255.25, 255.26 or 255.27 of the penal law, or of an offense involving the alleged transmission of the human immunodeficiency virus, shall be confidential. No report, paper, picture, photograph, court file or other documents, in the custody or possession of any public officer or employee, which identifies such a victim shall be made available for public inspection. No such public officer or employee shall disclose any portion of any police report, court file, or other document, which tends to identify such a victim except as provided in subdivision two of this section.

N.Y. Civ. Rights Law § 50-b. For state law purposes an application to unseal such records should show good cause why such records should be released:

> (2) b. Any person who, upon application to a court having jurisdiction over the alleged offense, demonstrates to the satisfaction of the court that good cause exists for disclosure to that person. Such application shall be made upon notice to the victim or other person legally responsible for the care of the victim, and the public officer or employee charged with the duty of prosecuting the offense; or

---

[1] A useful analogy is to the secrecy of Grand Jury materials under N.Y. C.P.L. § 190.25, where the secrecy, like here, is important for reasons other than the protection of the plaintiff's own privacy:

> The court finds that as a matter of comity the plaintiff should first make his application to the state court that supervised the grand jury at issue. *See Ruther v. Boyle,* 879 F.Supp. 247, 250 (E.D.N.Y.1995). "If after reviewing the plaintiff's application, the state court supervising the grand jury decides that secrecy of the grand jury proceedings is still warranted, then the plaintiff may challenge the state court's decision before this court." *Id.* at 252.

*Lehman v. Kornblau*, 206 F.R.D. 345, 348–49 (E.D.N.Y. 2001). *See also Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 222–24, 99 S. Ct. 1667, 1674–75 (1979)).

3

N.Y. Civ. Rights Law § 50-b. Although federal courts can overcome state law confidentiality when necessary for federal civil litigation, here Plaintiff has failed to show sufficient need for these files, especially where other, more relevant discovery could be completed first.

"[A] court 'must balance the public's right of access against the privacy and fair trial interests of *defendants, witnesses* and *third parties*' when deciding whether to unseal records." *Capellan v. City of New York*, No. 20 CV 867 (EK) (CLP), 2021 WL 12147772, at *3 (E.D.N.Y. Dec. 6, 2021) (emphasis in original) (denying plaintiff's motion to unseal allegedly related case which involved the same defendant actor) (quoting *United States v. Gerena*, 869 F.2d 82, 85 (2d Cir. 1989)). "[P]rivacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Capellan*, *id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). Therefore, Plaintiff's motion to unseal these files should be denied.

### 3. Plaintiff's motion should be denied because Plaintiff has not sufficiently shown that the files in question will contain information relevant to his claims.

There is no "substantial cost to federal policy" in denying Plaintiff's unsealing request because the records sought to be unsealed are not actually highly relevant to Plaintiff's case and because Plaintiff hasn't exhausted other discovery possibilities.

In the sole case cited by Plaintiff where files were sought regarding a case other than the plaintiff's own, *Boyd v City of Buffalo*, 22-CV-519 (LJV) (JJM), the plaintiff seeking records showed that some of the same individual police officers involved in the plaintiff's own case were also involved in the one case sought to be unsealed, and they were alleged to have carried out very similar acts in the sealed case to Plaintiff's own case. *See Boyd "Memorandum in Support of Plaintiff's Motion to Unseal"*, Plaintiff's Exhibit 4 at pages 2, 8 – 9, ECF 38-6 at 5, 12 -13. Here there is nowhere near the same amount of connection. None of the eight files Plaintiff seeks to

4

unseal here involve former ADA William Gargan, the sole individual ADA Owens' complaint makes allegations against. Of the six ADAs involved in the cases Plaintiff seeks to unseal, four of them, representing six of the eight files, Kristina Karle, Matthew Rich, Daniel Majchrzak, and Melissa Meetze, never worked under Sandra Doorley as the DA. Sandra Doorley was elected to be Monroe County District Attorney in 2011, and was sworn in as District Attorney in January of 2012.[2] Since these prosecuting ADAs never worked under Sandra Doorley as DA, the trials in these cases obviously also took place before she was DA. The cited motion decision in *People v. Fields*, Indictment No. 2009-0864 (Feb. 17, 2010), also took place before Sandra Doorley was elected DA.

Also unlike in *Boyd*, there is no identity of issues between most of the cases sought to be unsealed and Plaintiff's case. Plaintiff Owens alleges that ADA Gargan violated *Brady*[3] and presented or attempted to present false testimony against him. In contrast, six of the eight cases sought to be unsealed here involve summation misconduct, which is not alleged against Gargan. In order to violate the statutory privacy rights of sex crime victims or former criminal Defendants, close identity of the criminal issues at issue is crucial. That identity of issues is also important for Plaintiff's underlying claims in this case:

> [T]he cases Plaintiff has gathered are not sufficient to plausibly allege that the MCDAO has experienced a "pattern" of constitutional violations, over a period of approximately thirty years, ***nor that the constitutional violations are sufficiently similar to that which is alleged to have occurred in Plaintiff's case.*** Plaintiff's

---

[2] Kristina Karle, ADA in *People v. Flowers*, 151 A.D.3d 1843 (4th Dept. 2017), *People v. Presha*, 83 A.D.3d 1406 (4th Dept. 2011), *People v. Fisher*, 18 N.Y.3d 964 (2012), and *People v. Santiago*, 101 A.D.3d 1715 (4th Dept. 2012), last day of work with Monroe County DA was December 24, 2011; Daniel Majchrzak who tried *People v. Valentin*, 1 A.D.3d 982 (4th Dept. 2003), last day of work with MCDA was December 9, 2002, Matthew Rich, ADA in *People v. Gibson*, 134 A.D.3d 1512 (4th Dept. 2015), last day of work with MCDA was December 24, 2012; Melissa Meetze ADA in *People v. Jones*, 134 A.D.3d 1588 (4th Dept. 2015), last day of work with MCDA was September 4, 2010.

[3] *Brady v. Maryland*, 373 U.S. 83 (1963)

"deliberate indifference" claim, premised on failure to supervise or discipline, is without merit.

*Miller v. County. of Monroe*, No. 23-CV-06649-FPG, 2024 WL 2804435, at *8 (W.D.N.Y. May 31, 2024) (Geraci, J.) (emphasis added) (dismissing plaintiff's complaint against Monroe County in its entirety). *Miller* involved the same plaintiff as the *Miller v. State* case cited by Plaintiff in this motion. *See Miller v. State of New York*, Claim No. 135854 (N.Y. Ct. Cl. 2024); *People v. Miller*, 191 A.D.3d 111 (4th Dep't 2020). The complaint in Miller's lawsuit against Monroe County cited all of the same legacy Monroe County District Attorney cases as the complaint in Owens's case. The *Miller* complaint against Monroe County alleged insufficient supervision or discipline leading to *Brady* violations and presentation of false testimony, similar to this case. But Judge Geraci still found insufficient identity of the constitutional issues at hand and dismissed Miller's complaint against Monroe County. *See also Vann v. City of Rochester*, 2019 WL 2646616 (W.D.N.Y. 2019) (Telesca, J.) (dismissing all claims against Monroe County Defendants, in a case against MCDA defendants from the same Plaintiff's attorney, with a complaint citing a very similar list of cases, including seven of the eight files sought to be unsealed here (all except *Valentin*)).

In Owens's case Judge Geraci granted Defendant's motion to dismiss as to Plaintiff's claim of a *de facto* custom or policy, and as to deficient training with regard to disclosure of impeachment materials, and only allowed Plaintiff's claim for deliberate indifference in failing to supervise or discipline to continue.

> Under the failure to supervise or discipline theory, a plaintiff must plead "(1) there was a pattern of allegations of or complaints about, or a pattern of ***actual, similar unconstitutional activity,*** and (2) the municipality consistently failed to investigate those allegations."

6

*Owens v. County. Of Monroe*, No. 21-CV-6445-FPG, 2021 WL 6113950, at *5 (W.D.N.Y. Dec. 27, 2021) (Geraci, J.) (emphasis added) (quoting *Treadwell v. County of Putnam*, No. 14-cv-10137, 2016 WL 1268279, at *4 (S.D.N.Y. Mar. 30, 2016)) Therefore Plaintiff's motion to unseal should be denied because Plaintiff has not sufficiently shown that the information would be either factually relevant or constitutionally similar to the claims remaining in Plaintiff's complaint.

### 4. Plaintiff's motion should be denied because Plaintiff has not diligently pursued discovery of more relevant and/or more reasonably accessible information.

Plaintiff's motion to unseal should also be denied because Plaintiff has not diligently pursued more relevant and direct discovery which could show that the sealed files are not needed. As stated in Plaintiff's motion, Defendants have allowed access to the unsealed cases, including those which took place under District Attorneys other than Sandra Doorley and those which involved different constitutional issues than those alleged by Plaintiff here. To date, Plaintiff's Attorneys have reviewed only parts of two of all those files – *People v. Gayden* and *People v. Santiago*. Again, Plaintiff has not shown in this motion that any relevant material was found in the unsealed files that were reviewed. And there are many more unsealed files that remain available to Plaintiff, and which Plaintiff has not yet reviewed, which should be reviewed before violating the privacy rights protected by the sealed or confidential cases.

Files sealed pursuant to Section 160.50 are also not very relevant because the District Attorney could not access them or add to them after the decision and order that led to them being sealed. The decision in question in each case could be evidence that the District Attorney should have been on notice about the need for different training or discipline; the case file could not be. The sealed files are, if anything, less relevant than the unsealed files, especially in the context of Plaintiff's supervision and discipline claims, because once the files were sealed by a decision

reversing the conviction the MCDA could not review the files or add anything to them. Plaintiff has not shown any reason to believe that the cases contained in the sealed files would have been conducted any differently than the cases represented in the unsealed files, or any good reason why the files in question in this motion should be unsealed before Plaintiff has finished reviewing the already available – and unsealed – files.

In *Boyd*, the plaintiff also showed that the surviving witness who had been involved in Boyd's case and the sealed case had already been deposed, and argued that the testimony showed some relevance to the file in question. *See Boyd memo*, Plaintiff's Exhibit 4 at pages 5, ECF 38-6 at 9. Here no witnesses have yet been deposed. Plaintiff should seek evidence about whether or not Gargan was improperly trained or disciplined, and whether any such issues caused Plaintiff's harm, before fishing generally for evidence about training and discipline in sealed files. As explained above Plaintiff has plenty of opportunities to search for general information in unsealed cases. For reasons not articulated by Plaintiff, he has not reviewed those unsealed files.

> Where a § 1983 plaintiff can establish that the facts ***available to city policymakers*** put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens, the dictates of *Monell* are satisfied. Only then can it be said that the municipality has made "a deliberate choice to follow a course of action ... from among various alternatives."

*City of Canton, Ohio v. Harris*, 489 U.S. 378, 396, 109 S. Ct. 1197, 1208 – 09 (1989) (O'Connor, J., concurring in part and dissenting in part) (emphasis added) (citing majority decision, *ante*, at 109 S. Ct. 1205-06; *Pembaur v. Cincinnati,* 475 U.S. 469, 483 – 484, 106 S.Ct. 1292, 1300, 89 L.Ed.2d 452 (1986)). In this case at the time of Plaintiff's prosecution, MCDA policymakers had available to them any information Gargan might have known, and any of the unsealed cases, and any decisions made by the Fourth Department. Policymakers did not have access to the contents of sealed files, because the files were sealed.

### 5. Plaintiff's motion should be denied because he has not shown any effort to contact any of the individuals that these files are sealed and/or confidential in favor of.

Again, unlike most of the cases cited by Plaintiff where a former defendant seeks information about their own case, here Plaintiff is seeking to unseal files completely unrelated to his own case, and the individuals who those cases were sealed in favor of have not been given notice and afforded the opportunity to participate in this motion which seeks to abrogate their privacy rights. In *Boyd*, the plaintiff seeking records showed an attempt to contact the defendant in the one case sought to be unsealed, and a motion in state court attempting to unseal the records in question before seeking an order from federal court. The plaintiff in Boyd hired a private investigator to try to locate the defendant in the case sought to be unsealed, contacted a former neighbor, attempted to contact several family members, and spoke that defendant's sister. *See Boyd "Memorandum in Support of Plaintiff's Motion to Unseal"*, Plaintiff's Exhibit 4 at pages 4 – 5, ECF 38-6 at 8 – 9. Plaintiff has shown no such efforts in this case. It should not be assumed that any former defendant would be willing to agree to the unsealing their records. *See*, *e.g.*, *D.S. v. City of Peekskill*, 2014 WL 774671, at *1–2 (S.D.N.Y. 2014), (a former defendant whose sealed records were released for another case initially brought suit against defendants including the municipality and the plaintiff's law firm that had accessed the files.)

In fact, the former defendant in *People v. Valentin*, 1 A.D.3d 982 (4th Dept. 2003), the only case sought to be unsealed that involves *Brady* issues, brought a federal case against County Defendants, *see Valentin v. City of Rochester*, 783 F. App'x 97 (2d Cir. 2019); *Valentin* 6:11-cv-06238-CJS-MWP (2018). This case, which was dismissed as to all County Defendants, *see id.*, was originally brought *pro se*, so the federal docket would be an easy initial source for contact

9

information for Valentin and his former attorneys. Unlike in Boyd Plaintiff here has not shown any effort to contact any of the individuals that these files were sealed for.

### Conclusion:

In conclusion, Plaintiff's motion to unseal eight (8) criminal files should be denied because the unsealing would violate the privacy rights of individuals not involved in this case and Plaintiff has not sufficiently shown the relevance of these files or that he diligently pursued other more reasonable avenues of discovery in this case, and because Plaintiff has not shown any effort to contact the individuals involved in the sealed cases to attempt to seek their agreement to the unsealing.

**WHEREFORE** Defendant respectfully requests that Plaintiff's motion be denied and that such other and further relief as the Court finds good and proper should be granted.

Dated:  December 23, 2024         **JOHN P. BRINGEWATT,**
                                   **MONROE COUNTY ATTORNEY**
                                   *Attorney for Defendant Monroe County*

                                   Adam M. Clark, Esq. of Counsel
                                   Deputy County Attorney
                                   307 County Office Building
                                   39 West Main Street
                                   Rochester, New York 14614
                                   Tel:  585-753-1374
                                   adamclark@monroecounty.gov